JUDGE ABRAMS

# 13 CIV 2329

COPY

DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:        631.287.5520
Fax:        631.283.4735
e-Mail:    DavidLopezEsq@aol.com

RECEIVED
APR 08 2013
U.S.D.C. S.D.N.Y.
CASHIERS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

**DEBORAH DONOGHUE,**

　　　　**Plaintiff,**

　　- against -

**USANA HEALTH SCIENCES, INC.,**

　　　　**Nominal Defendant,**

**DAVID A. WENTZ,**

　　　　**Defendant.**

_____/

**COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS
UNDER 15 U.S.C. 78p(b)**

**Jury Trial Demanded**

　　　　**DEBORAH DONOGHUE,** by David Lopez, Esq., her attorney, complaining of the defendant, respectfully alleges the following upon information and belief except as to paragraph 2 which plaintiff alleges on personal knowledge:

## JURISDICTION:

　　　　1.　　This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES:**

2.      Plaintiff is a security owner of USANA HEALTH SCIENCES, INC. ("USANA"), a Utah corporation with principal offices at 3838 West Parkway Boulevard, Salt Lake City, Utah 84120.

3.      At all times relevant the common stock of USANA was registered under Section 12(g) of the Act and was and is traded on the NASDAQ Exchange located in New York City and through market-makers located within this district.

4.      This action is brought in the right and for the benefit of USANA which is named as a nominal party defendant solely in order to have all necessary parties before the court.

5.      At all times relevant DAVID A. WENTZ was an officer and a fiduciary of USANAff, to wit: its Chief Executive Officer.

6.      DAVID A. WENTZ has an office or may be found at 3838 West Parkway Boulevard, Salt Lake City, Utah 84120.

**STATUTORY REQUISITES:**

7.      The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by a non-exempt person within the meaning of the Act.

8.      Demand for prosecution was made on USANA on March 11, 2013. By letter dated March 20, 2013, Kevin R. Pinegar, Esq., counsel to USANA,

2

informed Plaintiff's counsel that "…the company does not intend to require any accounting or disgorgement of profits from Mr. Wentz". Further delay in the filing of suit would be a futile gesture.

9.      Some or all of the transactions to be described herein were effected in whole or in part within the Southern District of New York on the NASDAQ Exchange and through market-makers located herein.

10.      This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

11.      On March 30, 2011, DAVID A. WENTZ reduced his short call equivalent position with respect to 48,447 shares of the common stock of USANA. Such reduction came through settlement of a Variable Forward Sale Contract which had no fixed price per share established at the time of entry. Under applicable rules of the Securities & Exchange Commission, the reduction of a short call which lacks a pre-determined fixed price is deemed the sale of that number of shares at the market price prevailing on the date of settlement or otherwise determined under the terms of the Variable Forward Sale Contract.

12.      That price settled at $34.20 per share.

13.     Under the terms of the Variable Forward Sale Contract DAVID A. WENTZ had the right and the power to settle his indebtedness to the counterparty on March 20, 2011, either by the delivery of shares of a value equal to that indebtedness when priced at market value (he having pledged shares as collateral to secure the amount to be due at settlement of the Variable Forward Sale Contract) or by the delivery of cash in such amount, the investment decision to be made by DAVID A. WENTZ at or about the time of settlement.

14.     The ability to determine at the time of maturity of the Variable Forward Sale Contract whether to settle his obligation in cash or in shares gave DAVID A. WENTZ the potential to utilize his access to inside information to guide his determination whether to dispose of shares or to reclaim them from posted collateral.

15.     On August 18, 2011, within a period of less than six months of the date of sale aforesaid, DAVID A. WENTZ purchased 4,100 shares of the common stock of USANA on the open market at a price of $24.53 per share, more or less.

16.     The foregoing sale and purchase may be matched against each other using the "lowest-in, highest out" method to yield profits recoverable from DAVID A. WENTZ. The exact amount of such profits is not known to plaintiff but is estimated at $39,647.00.

17.     Such profits are recoverable on behalf of USANA by Plaintiff as a shareholder of USANA, the latter having refused to act in its own right and for its own benefit while under the influence and control of DAVID A. WENTZ.

4

**SECOND CLAIM FOR RELIEF:**

18.     This Second Claim For Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record, the failure of DAVID A. WENTZ to file reports as required by Section 16(a) of the Act or against the discovery of additional trades during the course of this action.

19.     DAVID A. WENTZ, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents, including but not limited to those pleaded with specificity in the First Claim For Relief, of USANA within periods of less than six months of each other while an officer of USANA.

20.     By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider of USANA, DAVID A. WENTZ realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of USANA.

**WHEREFORE**, Plaintiff demands judgment:

a)      Requiring DAVID A. WENTZ to account for and to pay over to USANA the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b)      Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c)     Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:    Southampton, New York
         April 5, 2013

Yours, etc.

David Lopez, Esq.

6